## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| J & J SPORTS PRODUCTIONS, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CESAR SAMANO, individually and d/b/a ) <br> BILLAR EL RODEO, ) <br> ) <br> Defendant. ) | Case No. 13-CV-721-GKF-FHM |

### OPINION AND ORDER

Before the court is the Motion for Default Judgment against defendant Cesar Samano, individually and d/b/a Billar el Rodeo, filed by plaintiff J & J Sports Productions, Inc. [Dkt. #12].

Plaintiff filed this action pursuant to the Communications Act of 1934, 47 U.S.C. § 605, *et seq.*, and the Cable and Television Consumer Protection and Competition Act of 1992, 47 U.S.C. § 553, *et seq.* Plaintiff alleges defendant, the owner and/or operator of Billar el Rodeo, a billiards parlor in Tulsa, intercepted and exhibited *Manny Pacquiao v. Juan Manuel Marquez, WBO Welterweight Championship Fight Program* ("the Program"), telecast on November 12, 2011, to which plaintiff owns exclusive nationwide distribution rights. Plaintiff personally served defendant on December 17, 2013, but defendant has failed to answer or otherwise respond. Plaintiff moved for, and the Court Clerk granted, an entry of default against the defendant.

Default judgment is appropriate when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or

otherwise." Fed. R. Civ. P. 55(a). The time to answer summons has passed, and plaintiff is entitled to default judgment pursuant to Fed. R. Civ. P. 55(b)(2).

Plaintiff seeks maximum statutory damages of $10,000.00 under 47 U.S.C. § 605(e)(3)(C)(i)(II) and maximum enhanced damages of $100,000.00 under 47 U.S.C. § 605(e)(3)(C)(ii). Plaintiff also seeks attorneys' fees in the amount of $900.00 and costs totaling $450.00, pursuant to 47 U.S.C. § 605(e)(3)(B)(iii).

Under § 605(e)(3)(C)(i)(I) and (II), the aggrieved party may recover either actual damages or statutory damages in "a sum of not less than $1,000 or more than $10,000, as the court considers just," for each violation. Additionally, if the violation was committed "willfully and for purposes of direct or indirect commercial advantage or private financial gain," the court may increase the award of damages by up to $100,000 for each violation. 47 U.S.C. § 605(e)(3)(C)(ii).

In support of its request for maximum statutory and enhanced damages, plaintiff has submitted the affidavit of its president, Joseph M. Gagliardi, plaintiff's Rate Card for the event, and the affidavit of investigator Stuart Sullivan. Mr. Sullivan witnessed the pirated exhibition on the night of November 12, 2011, and counted the number of patrons at Billar el Rodeo three separate times. The head counts were 22, 24, and 26. The minimum fee to broadcast the Program in an establishment with a capacity up to 100 was $2,200.00.

In *Joe Hand Promotions, Inc. v. John M. McLemore*, 4:10-CV-772-CVE-TLW (N.D. Okla. Sept. 26, 2011), plaintiff's investigator observed 84 people in the defendant's restaurant, the sublicense fee would have been $875, no cover fee was charged, and the event was broadcast on three television screens. The court reasoned that a statutory damages award of $2,500 "compensates plaintiff for any fee that should have [been] paid by defendants to obtain a

sublicense to broadcast the program and for disgorgement of any possible financial benefits derived by defendants from displaying the illegally intercepted program." [*Id*. at 3]. The court awarded enhanced damages of $2,500, finding this amount "sufficient to punish defendants for their illegal conduct and deter future violations of § 605," but "not so substantial that it will likely put defendants out of business." [*Id.* at 4]. *See also Joe Hand Promotions, Inc. v. George Ducummon*, 4:11-CV-278-GKF-FHM (N.D. Okla. April 23, 2012) (awarding $2,000 in statutory damages and $2,000 in enhanced damages); *J & J Sports Prods., Inc. v. Rivas*, 4:10-CV-760-GKF-TLW (N.D. Okla. Aug. 16, 2012) (awarding $2,500 in statutory damages and enhanced damages of $2,500).

In this case, the sublicense fee was $2,200, no cover fee was charged, and there were 26 patrons in the establishment during the broadcast. [Dkt. #13, Ex. 2]. This court finds $3,000 in statutory damages and $2,500 in enhancement, for a total damage award of $5,500 to be sufficient to punish the defendant for his illegal conduct and to deter future violations of § 605.

Plaintiff seeks attorney fees under 47 U.S.C. § 605(e)(3)(B)(iii), which provides that "[t]he court shall direct the recovery of full costs, including awarding reasonable attorneys' fees to an aggrieved party who prevails." In its motion, plaintiff has attached declarations of its counsel, Adam Scott Weintraub. [Dkt. #13, Ex. 3]. The declarations include itemized records of the time spent and rates charged for the prosecution of this case. Plaintiff requests attorneys' fees of $900.00 for the law firm Savage, O'Donnell, Affeldt, Weintraub & Johnson.

The court has reviewed the declarations and itemized time records and finds the amount sought by plaintiff for work performed to be reasonable, both with respect to hourly rates and time spent. Plaintiff also seeks taxable costs of $450.00. The court has reviewed the declaration of costs, and finds them reasonable and necessary.

- 4 -

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that plaintiff's Motion for Default Judgment [Dkt. #12] is granted.

**IT IS SO ORDERED** this 5th day of May, 2014.

_____
GREGORY K. FRIZZELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT